UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VS | NO. 3:01CR252(JBA) |
| ALFRED LENOCI, SR. | NOVEMBER 30, 2005 |

**DEFENDANT'S REPLY TO GOVERNMENT'S MEMORANDUM ON <u>CROSBY</u> REMAND**

Defendant respectfully submits this reply to the government's memorandum on the Second Circuit's remand under <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005).

First, the government argues that resentencing is unwarranted because the Court exercised its full discretion to depart from defendant's guideline range at the initial sentencing under U.S.S.G. §5K1.1. The Government's argument suggests that because §5K1.1 allows the district court to consider departure reasons other than defendant's assistance to the government, and because the Court mentioned defendant's poor health in deciding to sentence him below his guidelines range, the Court necessarily exercised its "full discretion" in sentencing defendant. This argument ignores the mandatory nature of

the guidelines and their virtual exclusion of the other 18 U.S.C. §3553(a) factors, including health. Although the text of §5K1.1(a) appears to allow a district court to consider factors other than governmental assistance in deciding whether to depart under that section,[1] the extent to which the Court could have departed on the basis of defendant's ill health was automatically circumscribed by U.S.S.G. §5H1.4 providing that a defendant's physical condition is not ordinarily relevant. The post-Booker/Fanfan sentencing landscape essentially eliminates any tension between those formerly mandatory guideline provisions by making them only one, equal part of the overall imposition of a reasonable sentence.[2] Indeed, in resentencing defendant the Court might select a different sentence reflecting a new application of the §3553(a) factors – an application that gives new emphasis to defendant's history and characteristics, and relies somewhat less on rigid guidelines determinations.

Second, the government stresses that the Court may only consider facts existing at the time of the original sentencing in determining whether resentencing is appropriate under Crosby. Defendant does not disagree. Crosby is clear that the district court's inquiry

---

[1] In connection with departing for substantial assistance to authorities, § 5K1.1(a) provides: "[t]he appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following [listing circumstances of assistance]."

[2] See discussion at pages 10 -13 of defendant's opening brief.

is restricted to whether it would have imposed a materially different sentence, in light of Booker/Fanfan, "under the circumstances existing at the time of the original sentence. . ." Crosby, 397 F.3d at 117. Here, the Court heard evidence about defendant's poor health and pre-cancer risk. As discussed at length in defendant's initial brief, however, the Court's ability to consider that information has changed significantly under the post-Booker/Fanfan sentencing rubric construed by Crosby. At defendant's first sentencing, the Court's consideration of defendant's poor health was necessarily inhibited by the mandatory Guidelines' circumscribed treatment of defendant's history and characteristics, including health. Under the post-Booker/Fanfan sentencing scheme, however, the defendant's health as part of the "history and characteristics of the defendant" is now entitled to equal weight with the Guidelines calculations. In short, the Court might treat that same information differently under the new sentencing landscape.

Should the Court decide resentencing is warranted, defendant's considerably worsened health since his original sentencing can be, and should be, considered by the Court at the resentencing. See pages 14 through 20 of defendant's November 18, 2005 Memorandum in Support of Resentencing.

For the foregoing reasons, along with those articulated in defendant's initial brief, defendant should be resentenced under the principles announced in <u>Booker/Fanfan</u> and <u>Crosby</u>.

THE DEFENDANT,
ALFRED LENOCI, SR.

By _____
Ira B. Grudberg (ct00178)
JACOBS, GRUDBERG, BELT & DOW, P.C.
350 Orange Street
New Haven, Connecticut  06511
Telephone No. (203) 772-3100
Fax No. (203) 772-1691
igrudberg@jacobslaw.com

## CERTIFICATION

    I hereby certify that a copy of the Defendant's Reply to Government's Memorandum on <u>Crosby</u> Remand has been mailed, postage pre-paid, this 30th day of November, 2005 to:

Sandra S. Glover, Esq.
Assistant United States Attorney
Office of the United States Attorney
157 Church Street
23rd Floor
New Haven, CT 06510

Warren Maxwell
United States Probation Officer
157 Church Street
New Haven, CT 06510

_____
Ira B. Grudberg