UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:01-cr-252 (JBA) |
| | : | |
| v. | : | |
| | : | |
| ALFRED LENOCI, SR. | : | November 30, 2005 |

### GOVERNMENT'S REPLY TO DEFENDANT'S MEMORANDUM IN SUPPORT OF RE-SENTENCING

The Government respectfully submits this reply to the Defendant's Memorandum in Support of Resentencing ("Defendant's Memorandum") [Docket # 41]. The defendant argues that in this case, on remand from the Court of Appeals pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), re-sentencing is warranted to allow the Court to consider more fully information regarding the defendant's health that was presented at the original sentencing. Because the Court already considered the defendant's health during the original sentencing, re-sentencing is not warranted. The defendant further argues that upon re-sentencing, the Court should consider information about the deterioration of the defendant's health subsequent to the original sentencing. While the defendant's recent health problems may be relevant should this Court decide to re-sentence him, they are simply irrelevant to the inquiry before the Court at this stage of the *Crosby* remand.

**I.    Re-sentencing is not warranted to consider information about the defendant's health that the Court already considered during the original sentencing.**

The defendant argues that re-sentencing is warranted to allow the Court to consider his health as a factor in sentencing in light of the new, advisory Guidelines regime in place after *United States v. Booker*, 125 S. Ct. 738 (2005). *See* 18 U.S.C. § 3553(a)(1) (in sentencing, court

"shall consider the nature and circumstances of the offense and the *history and characteristics of the defendant*") (emphasis added).  According to the defendant, this Court was unable to give proper weight to his health problems under the prior, mandatory Guidelines regime.  This argument fails because the Court already properly considered the defendant's health in its original sentence.

As a preliminary matter, the defendant argues that the Court should give no more weight to the defendant's Guidelines range than to the other factors listed in 18 U.S.C. § 3553(a), but there is no indication that this Court felt bound by the defendant's Guidelines range in the original sentencing.  Here, because the Court granted the Government's motion for downward departure under U.S.S.G. § 5K1.1, it was not bound by the defendant's Guidelines range, and sentenced the defendant to a term of imprisonment that was approximately *one-half* of the lower end of the defendant's Guidelines range.  Moreover, in announcing its sentencing decision, the Court identified several factors that influenced its decision, including the Court's assessment of the defendant's assistance to the Government, the defendant's health, and the defendant's conduct in the community.  July 22, 2003 Sentencing Transcript ("Tr.") at 60-62.

Although the defendant argues that the Court may now consider his health problems when those problems were not previously relevant under the Guidelines, at sentencing, even before *Booker*, a defendant had the incentive and legal right to bring to the Court's attention all facts that are germane to punishment.  In other words, even under a mandatory Guidelines sentencing regime, a district court had virtually unlimited discretion as to the kind of information it could consider regarding a defendant's background, character, and conduct for the purposes of determining an appropriate sentence.  *See, e.g.*, 18 U.S.C. § 3661 ("No limitation shall be placed

on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Gonzalez-Huerta*, 403 F.3d 727, 735 (10th Cir.) (en banc) (defendants, "even prior to *Booker*, had every reason to present mitigating sentencing factors to the district court"), *cert. denied*, 126 S. Ct. 495 (2005); U.S.S.G. § 1B1.4 (in determining sentence to impose within sentencing range or whether departure is warranted, "the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law"). The Guidelines do provide that a variety of factors are not "ordinarily" relevant to *departures* from the sentencing range. *See, e.g.*, U.S.S.G. §§ 5H1.1-5H1.6. But the only factors said not to be "relevant in the determination of a sentence" at all are "race, sex, national origin, creed, religion, and socio-economic status," U.S.S.G. § 5H1.10, and that is a result of a direction from Congress, *see* 28 U.S.C. § 994(d).

  Indeed, consistent with this law -- and as conceded by the defendant, *see* Defendant's Memorandum at 5 -- the defendant presented considerable information and argument about his health problems to the Court in the original sentencing process. Although the defendant contends that "the Court is entitled to hear how defense counsel may have approached Mr. Lenoci's health considerations differently" under an advisory Guidelines regime, *id.* at 13, he does not explain what his "approach" would have been or what arguments or issues he would have raised that he did not raise during the original sentencing. In sum, the defendant offers no justification for re-sentencing, beyond the general assertion that his "approach" to his health

issues *might* have been different. Thus, there is no reason to embark on re-sentencing to allow this Court to consider information that it already considered in the original sentencing.

**II.    The defendant's health problems and other factors that arose subsequent to the original sentencing are irrelevant to the inquiry at this stage of the *Crosby* remand.**

The defendant argues that if he is re-sentenced, the Court should consider current information (*i.e.*, developments subsequent to his original sentencing) about the status of his health. Defendant's Memorandum at 14-20. The Government has no quarrel with this proposition. Should the Court decide, solely on the basis of circumstances existing at the time of the original sentencing, that it would have imposed a materially different sentence and thus that re-sentencing is warranted, the defendant should be re-sentenced based on facts existing at the time of the re-sentencing. *See United States v. Quintieri*, 306 F.3d 1217 (2d Cir. 2002); *Werber v. United States*, 149 F.3d 172 (2d Cir. 1998).

This proposition, however, is irrelevant to the issue before the Court at this stage of the *Crosby* remand. As the Court of Appeals has emphasized, a *Crosby* remand is *not* a remand for *re-sentencing*. *See, e.g.*, *United States v. Garcia*, 413 F.3d 201, 229 (2d Cir. 2005) (emphasizing that even when a case is sent for a *Crosby* remand to a new district judge, it is not a re-sentencing; no re-sentencing is necessary if district court determines, "by reference to the facts 'existing at the time of the original sentencing,'" that no non-trivially different sentence would have been imposed) (quoting *United States v. Williams*, 399 F.3d 450, 459 n.8 (2d Cir. 2005)). It is merely a remand for a determination by the Court whether it would have imposed a materially different sentence "under the circumstances existing at the time of the original sentence." *Crosby*, 397 F.3d at 117. *See generally* Government's Memorandum on *Crosby* Remand at 5-6

("Government's Memorandum") [Docket # 43].  Thus, although new facts about the defendant's health might be relevant should this Court decide to re-sentence the defendant, those facts are simply irrelevant to the question before the Court now.

To the extent that the defendant argues that at this stage of the *Crosby* remand, the Court should consider what it would do on re-sentencing (*i.e.*, in consideration of developments subsequent to the original sentencing) when deciding, in the first instance, whether to re-sentence, this approach has been rejected by the Court of Appeals.  In *Williams*, the Court of Appeals contrasted its approach in *Crosby* with the apparent approach of the Ninth Circuit Court of Appeals in *United States v. Seibert*, 121 Fed. Appx. 715 (9th Cir. Feb. 7, 2005), which remanded for consideration of "whether the change in the law would make a difference in the sentencing of this case." *Id.* at 716.  According to the *Williams* Court,

> [The *Seibert*] remand is not a *Crosby* remand, which instructs the district judge to determine whether the change in the law *would have made* a material difference in the original sentence.  *Seibert* appears to ask the district judge whether the change would make a difference at a resentencing.

*Williams*, 399 F.3d at 459 n.10 (emphasis in original).  In other words, the question is not whether the Court *would impose* a materially different sentence if the defendant were re-sentenced, but rather, whether the Court *would have imposed* a materially different sentence under the facts existing at the time of the original sentencing.  *See, e.g., Crosby*, 397 F.3d at 117 (question is whether "sentencing judge *would have imposed* a materially different sentence, under the circumstances existing at the time of the original sentence" had the sentencing taken place under the post-*Booker* sentencing regime) (emphasis added); *Williams*, 399 F.3d at 456 n.5 (noting that under plain error doctrine, question is whether "outcome of the first trial would have

been different without the error," not "whether the outcome would be different at a second trial conducted without the error"); *Garcia*, 413 F.3d at 229-30 ("Only if the district judge identifies a more-than-trivial disparity between the challenged sentence and the sentence that the court *would have imposed* with the benefit of *Booker* does the judge proceed to resentence a defendant.") (emphasis added).  Thus, at this time, this Court is only asked to decide whether it would have imposed a materially different sentence at the time of the original sentencing, not to engage in the "more speculative inquiry" into whether it would impose a materially different sentence upon re-sentencing.  *Williams*, 399 F.3d at 456 n.5.

### III. Conclusion

For the foregoing reasons, in conformity with the procedures outlined in *Crosby*, this Court should indicate, for the record, that after consideration of the defendant's Guidelines range and all of the factors listed in 18 U.S.C. § 3553(a), the defendant should not be re-sentenced.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


SANDRA S. GLOVER
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct24354
157 Church Street, 23rd Floor
New Haven, CT  06510
Tel.: (203) 821-3700
Fax: (203) 773-5378
Sandra.Glover@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of November, 2005, a true and correct copy of the foregoing Memorandum was served by first-class mail, postage pre-paid, upon defense counsel:

Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt, Dow & Katz, P.C.
350 Orange Street
New Haven, CT 06511

                                              _____
                                              Sandra S. Glover
                                              Assistant U.S. Attorney